## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE FREDERICK MUSSMANN, III, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-835-CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before me upon a motion filed by movant George Frederick Mussmann, III. (ECF No. 4). Therein, movant asks to be provided "a copy of my discovery," copies of certain filings in his criminal case, and the transcript of an evidentiary hearing that was held during his criminal proceedings. He also asks me to unseal any filings in his criminal case "that can be unsealed," and lists seventeen docket entries. He states he is preparing a 2255 motion, and asks me to appoint an attorney to represent him.

Th motion will be denied. Neither statutory authority nor this Court's practice requires the provision of free copies of transcripts or other court records to aid in the preparation of a § 2255 motion. *See* 28 U.S.C. § 753(f). Section 753(f) requires the provision of transcripts at government expense only upon certification by the Court that a § 2255 motion already on file is not frivolous, and that a transcript is needed to decide the issues presented. The Eighth Circuit, citing § 753(f), has held that "any request for a free transcript prior to the filing of a section 2255 complaint is premature." *United States v. Losing*, 601 F. 2d 351, 352 (8th Cir. 1979). *See also Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995). At present, movant does not have a non-frivolous § 2255 motion pending in this Court; in fact, on June 26, 2020, I directed

him to show cause why his § 2255 motion should not be dismissed as time-barred. Accordingly, movant is not entitled to receive copies of transcripts or other court records at government expense. If he wishes to receive copies of any materials, he must prepay for them at the rate of fifty cents ($.50) per page.

Movant also asks me to unseal records in his criminal case. He provides no basis for this request, and it will be denied. Finally, movant is not entitled to the appointment of counsel. There is neither a constitutional nor a statutory right to appointed counsel in § 2255 proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987). A court may appoint counsel in a § 2255 case if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). *See also* 28 U.S.C. § 2255(g). Unless an evidentiary hearing is warranted, the appointment of counsel is discretionary. *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994). In exercising such discretion, courts should first determine whether the movant has presented a non-frivolous claim for relief, and if he has, should then consider factors such as the legal and factual complexity of the case, the movant's ability to investigate and present his claims, and other relevant factors. *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997).

Here, as noted above, it appears movant's motion is untimely. Accordingly, even if the motion presents non-frivolous claims, the appointment of counsel would not be of sufficient benefit to movant or the Court. It also appears this case is factually and legally straightforward, and that movant has so far demonstrated his ability to present his claims and arguments without the assistance of counsel. However, recognizing that circumstances may change, the denial of the appointment of counsel is without prejudice, and movant may seek the appointment of counsel in the future, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that movant's *pro se* motion (ECF No. 4) is **DENIED.**

Dated this 14th day of July, 2020.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE