# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GEORGE FREDERICK MUSSMANN, III, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:20-cv-835-CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before me on movant George Frederick Mussmann, III's response to my June 26, 2020 order directing him to show cause why his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence should not be dismissed as time-barred. Having reviewed and considered movant's response, I have determined to dismiss the motion without further proceedings.

## Background

Movant pleaded guilty to one count of possession with the intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C), and to one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). As part of his plea agreement, the United States dismissed a third count, which had charged him with being a felon in possession of a firearm under 21 U.S.C. § 922(g). His guilty plea was on November 4, 2016, and he was sentenced on April 24, 2017. He did not seek direct review. *See United States v. Mussmann,* No. 4:16-cr-95-CDP (E.D. Mo. 2016).

Movant filed the instant motion on June 18, 2020, and I conducted the preliminary review required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District

Courts. As fully explained in my June 26, 2020 order, I determined the motion was untimely under 28 U.S.C. § 2255(f)(1), and that it could not be considered timely under 28 U.S.C. § 2255(f)(3) because while movant could be understood to assert a right under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), he was not convicted under the statutes affected by that decision. I directed movant to show cause why his motion should not be dismissed as time-barred.

In the response now before me, movant first complains that his asserted grounds of ineffective assistance of counsel, actual innocence, and plain error were not addressed in the June 26, 2020 order. He also suggests that such grounds amount to an adequate showing of cause why his motion should not be dismissed as untimely. Next, movant can be understood to argue that his motion is timely under 28 U.S.C. § 2255(f)(3) because he asserts a right under *Rehaif,* and he filed the motion within one year of that decision. Movant writes: "It is obvious movant is not convicted under 922G [*sic*]. However similar language in 'elements' and 'use' and 'readily accessable' [*sic*] make it apply due to Bousely."[1] Movant contends that "[b]y definition of law he never committed this crime by the definition Congress intended," as the government was required to prove that he "knew and satisfied each element of the statute the 'use' and 'readily accessable' [*sic*] elements were never proven." Movant makes no attempt to argue that his motion is timely under 28 U.S.C. § 2255(f)(1).

## Discussion

Nothing in movant's response amounts to a showing of cause why the motion should not be dismissed as untimely. First, movant does not explain, nor is it apparent, how any of his asserted grounds for relief establish that his motion is timely under any provision of 28 U.S.C. § 2255(f),

---

[1] This is an apparent reference to *Bousley v. United States,* 523 U.S. 614 (1998)

or how they otherwise amount to a showing of cause why his motion should not be dismissed as untimely. Additionally, it was unnecessary to address the merits of such grounds in the June 26, 2020 order. As previously explained, district courts are required to conduct preliminary review of motions filed pursuant to 28 U.S.C. § 2255, and in this case such review yielded the conclusion that movant's motion was untimely. In such a situation, a movant is required to overcome that procedural hurdle before the merits of his grounds for relief can be addressed.

Second, movant's reliance upon *Rehaif* is misplaced. There, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif,* 139 S. Ct. at 2200. The *Rehaif* Court did not address the government's burden of proof with respect to scienter in a prosecution under 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) and 18 U.S.C. § 924(c)(1)(A)(i), and nothing in the Supreme Court's decision supports extending it in such a manner. In fact, the Supreme Court expressly limited its holding to the provisions that were at issue there. *See id.* ("We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here."). Movant's reference to *Bousley* provides no basis to conclude otherwise, and to the extent he can be understood to assert that *Bousely* supports an argument regarding the validity of his guilty plea or any other asserted ground for relief, such assertion provides no basis to conclude that the motion  is timely under 28 U.S.C. § 2255(f)(3).

In sum, there is no basis to conclude that movant's motion asserts a right that was initially recognized by the Supreme Court in *Rehaif*, and that the motion is timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of that decision. Additionally, there is no basis to

3

conclude that the motion is timely under any other provision of § 2255(f), or that movant has otherwise shown cause why it should not be dismissed as untimely. Having determined that the motion is untimely and that movant has failed to show cause why it should not be dismissed as such, I will dismiss the motion at this time without further proceedings.

I have considered whether to issue a certificate of appealability. To do so, I must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because movant has made no such showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that George Frederick Mussmann, III's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 5th day of August, 2020.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE